RECEIVED
MAR 13 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHOLAND, LLC | CIVIL ACTION NO. 10-0783 |
| -vs- | JUDGE DRELL |
| GOLDMINE HOSPITALITY, LLC, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Motion for Summary Judgment filed by Plaintiff, Sholand, LLC ("Sholand"). (Document No. 23.) Although the record reflects copies of the motion and the notice setting forth the appropriate briefing deadlines were mailed to the last known address of the remaining Defendants, Dipankar Ben Banerjee ("D. Banerjee") and Moushumi Mona Banerjee ("M. Banerjee"), they have not filed an opposition, and the deadline for such a submission has passed.[1] The Court finds no need to hold oral argument. For the reasons set forth below, Plaintiff's Motion for Summary Judgment will be granted.

Background

On May 13, 2010, Plaintiff, Sholand (formerly known as "Shoney's, LLC"), filed a "Complaint to Enforce Leases" against Goldmine Hospitality, LLC ("Goldmine") and its principals, D. Banerjee, and M. Banerjee, husband and wife. Sholand alleges Defendants "deficiently and willfully refus[ed] to perform under two subleases entered into on

---

[1] Despite the fact the Banerjees appear in this case *pro se*, the record shows they have competently negotiated the federal court process to this point. They filed an appropriate responsive pleading (Document No. 10), contributed to the formation of the required "Plan of Work" (Document No. 15), and participated in a telephone conference with the Magistrate Judge on November 19, 2010, at which time it was reported the parties were negotiating and attempting to resolve the case. (Document No. 20.)

November 12, 2004." (Document No. 1.) On Plaintiff's motion, all claims against Goldmine were dismissed without prejudice by Order dated August 26, 2010. (Document No. 13.) The remaining Defendants, D. Banerjee and M. Banerjee, answered the Complaint on August 13, 2010. (Document No. 10.) This Court's jurisdiction is properly based on 28 U.S.C. § 1332.

In their Answer, Defendants admit their positions as principals in Goldmine, which subleases two parcels of land from Sholand[2] for the purpose of operating Shoney's franchise restaurants. The first sublease, known as the "Bossier City Sublease," was executed on November 12, 2004 and is set to expire on August 31, 2024. The second sublease, known as the "Natchitoches Sublease," was also executed on November 12, 2004 and is set to expire on January 31, 2023.

Defendants further admit that under both subleases and their respective addenda, Goldmine is to make monthly rental and tax escrow payments to Sholand on the first day of each month. They likewise admit they personally guaranteed and provided security that Goldmine would perform its obligations under both of the subleases. Finally, Defendants admit that through the terms of the subleases and the addenda as well as letters they received from Sholand on May 6, 2010, they have been put on notice of Goldmine's default on the subleases. (Document No. 10.)

---

[2] In support of its motion, Plaintiff presents the affidavit of Ted R. Habermann, Vice President, General Counsel, and Secretary of Sholand. (Document No. 23-2, Exhibit "A.") The affidavit, which appears to be in proper form and on personal knowledge, establishes Sholand is the successor in interest to Shoney's, LLC, the actual signatory on the subleases and accompanying documents.

The Bossier City Sublease and Addendum [Document No. 23-2, Exhibits "A-1" and "A-2"] establish Goldmine agreed to pay monthly base rent of $8,070.24[3] for the period of September 1, 2009 through August 31, 2014 as well as all applicable taxes.[4] Failure to pay rent on a timely basis constitutes grounds for "Default," which entitles Sholand to terminate the Sublease and/or make immediate demand for payment of the amounts owed. (Document No. 23-2, Exhibit "A-1," § 14.) These documents also show Defendants, D. Banerjee and M. Banerjee, guaranteed timely performance by Goldmine of its obligations under the Bossier City Sublease, up to twenty-four (24) months of "Rent," as defined in the Sublease. (Document No. 23-2, Exhibit "A-2," Schedule "B.")

The Natchitoches Sublease and Addendum [Document No. 23-3, Exhibits "A-3" and "A-4"] establish Goldmine agreed to pay monthly base rent of $7,794.27 for the period of November 1, 2006 through October 31, 2010, and a monthly base rent of $8,417.81 for the period of November 1, 2010[5] through October 31, 2014, as well as all applicable taxes. Failure to pay rent on a timely basis constitutes grounds for "Default," which entitles Sholand to terminate the Sublease and/or make immediate demand for payment of the amounts owed. (Document No. 23-3, Exhibit "A-3," § 14.) These

---

[3] The Court notes that the Affidavit of Ted R. Habermann (Document No. 23-2, Exhibit "A"), the Statement of Uncontested Material Facts (Document No. 23-4), and the Proposed Pretrial Stipulations (Document No. 28), improperly state the monthly base rent for the Bossier City property as $8,070.34.

[4] The lease documents do not specify the taxes due. The Affidavit of Ted R. Habermann (Document No. 23-2, Exhibit "A"), the Statement of Uncontested Material Facts (Document No. 23-4), and the Proposed Pretrial Stipulations (Document No. 28) list the taxes on the Bossier City property as $422.76 per month. However, the Complaint (Document No. 1) and the May 6, 2010 demand letter (Document No. 23-3, Exhibit "A-5") state the monthly taxes are $422.66 per month.

[5] Plaintiff's Motion for Summary Judgment erroneously lists the date the monthly base rent on the Natchitoches property increased as November 11, 2010. (Document No. 23-1, fn. 9.)

documents also show Defendants, D. Banerjee and M. Banerjee, guaranteed timely performance by Goldmine of its obligations under the Natchitoches Sublease, up to thirty-six (36) months of "Rent," as defined in the Sublease. (Document No. 23-3, Exhibit "A-4," Schedule "B.")

Both the Bossier City Sublease and the Natchitoches Sublease provide they shall be governed by Louisiana law. (Document No. 23-2, Exhibit "A-1," ¶ 36; Document No. 23-3, Exhibit "A-3," ¶ 36.) The Guaranty Agreements state they will be governed by Tennessee law. (Document No. 23-2, Exhibit "A-2," Schedule "B;" Document No. 23-3, Exhibit "A-4," Schedule "B.")

Mr. Habermann's Affidavit establishes Goldmine has failed to make the required payments under the Sublease Agreements since November 1, 2009, and that such failure is continuing. (Document No. 23-2, Exhibit "A.")

Law and Analysis

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, the amendment "contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983).

4

The moving party bears the initial burden in summary judgment and must demonstrate that no genuine issue of material fact exists. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir.1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (internal citations and quotations omitted).

Louisiana law provides that a lease is a contract requiring the lessor to give the lessee the use and enjoyment of a thing in exchange for the payment of rent. See La. C.C. arts. 2668, et seq. A contract, such as a lease, has the effect of law between the parties. La. C.C. art. 1983.

Under the circumstances of this case, we find Plaintiff, Sholand, has shown the absence of any genuine dispute of material fact and that it is entitled to judgment as a matter of law for recovery of the established unpaid rent and taxes under the Sublease Agreements and Addenda, which include the Guaranty Agreements. Defendants, however, have failed to put forth specific facts showing there is any genuine issue for trial. Therefore, Plaintiff's Motion for Summary Judgment will be granted.

Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by Sholand, LLC (Document No. 23) is GRANTED, and JUDGMENT IS RENDERED AS FOLLOWS: in favor of Plaintiff, Sholand, LLC, and against Defendants, Dipankar Ben Banerjee and Moushumi Mona Banerjee, for the amount of unpaid rent and taxes due to date under the Bossier City Sublease Agreement and accompanying documents (not to exceed a total of twenty-four (24) months of "Rent" as the term "Rent" is defined in the Bossier City Sublease Agreement), as well as the amount of unpaid rent and taxes due to date under the Natchitoches Sublease Agreement and accompanying documents, plus legal interest and costs as provided by law.

SIGNED on this 13th day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

6